IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRI MARCUS, AS REPRESENTATIVE OF THE ESTATE OF KRISTIN DUNCAN, DECEASED, | ) ) ) ) |
| Plaintiff, | ) ) Case No. 3:21-CV-00258-MAB |
| vs. | ) ) ) |
| MILLENNIA HOUSING MANAGEMENT, LTD, ET AL., | ) ) |
| Defendants. | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court *sua sponte* for case management purposes. For the reasons set forth below, this action is **DISMISSED with prejudice** pursuant to Rule 41(b). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Terri Marcus ("Plaintiff"), as a representative of the estate of Kristin Duncan ("Decedent"), deceased, originally filed this case in the Circuit Court of Jackson County, Illinois (Doc. 2, p. 1). Defendants Millennia Housing Management, LTD ("Millennia") and Carbondale 2192 IL, LLC ("Carbondale") removed this case to the Southern District of Illinois on March 4, 2021 pursuant to diversity jurisdiction (Doc. 2). *See* 28 U.S.C. §1332; 28 U.S.C. §1446. In her complaint, Plaintiff outlines that Decedent

was involved in an incident that resulted in her death at an apartment complex owned and/or operated by Defendants at the time of the incident (Doc. 2, p. 1).

The Court entered the governing amended scheduling Order on January 31, 2022 with a discovery deadline of September 5, 2022 and a dispositive motion deadline of September 22, 2022 (Doc. 44). Defendants filed their joint motion, and supporting memorandum, for summary judgment ahead of the September 22, 2022 deadline on July 1, 2022 (Docs. 54, 55).

A little more than a month later, on August 18, 2022, the Court held a status conference with the parties. During this status conference, Plaintiff's counsel detailed that he was having issues reaching his client through both letters and phone calls (Doc. 60). The Court noted that it would consider dismissing this case pursuant to Federal Rule of Civil Procedure 41(b), as it seemed as if Plaintiff had abandoned her case. The same day, after the status conference, Defendants filed a motion to dismiss for lack of prosecution, contending that Plaintiff has not participated in the present matter, delaying the deadlines in the amended scheduling Order and delaying the progression of this case (Doc. 61). For example, Plaintiff was scheduled to be deposed on July 20, 2022; however, Plaintiff's counsel was unable to locate and contact Plaintiff, so the deposition did not occur on that day and was not rescheduled (*Id.* at p. 2).

Plaintiff's counsel did not respond to Defendants' motion to dismiss; rather, Plaintiff's counsel filed a motion to withdraw as attorney for Plaintiff due to Plaintiff's abandonment of this case (Doc. 62). More than a month passed with no communication from Plaintiff; therefore, the Court entered a Show Cause Order on October 21, 2022,

detailing that Plaintiff herself must respond to this Order and explain why the case should not be closed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute (Doc. 63). The Court directed the Clerk of Court to send this Order to Plaintiff at her last-known physical address and email address (Doc. 60). The deadline to respond was November 28, 2022 (Doc. 63). To date, Plaintiff has not responded to the Order to Show Cause, Plaintiff's counsel's motion to withdraw, or Defendants' motion to dismiss (Docs. 61, 62, 63).

## ANALYSIS

Under the Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). "The court should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004)).

In this matter, Plaintiff was directed to respond to her attorney's motion to withdraw (Doc. 63). She failed to do so by the deadline despite being warned of the consequences. It is well-documented that Plaintiff has failed to stay in touch with her attorney for at least four months now. The Court first became aware of these issues during the August 18, 2022 status conference, during which the parties informed the

undersigned that Plaintiff had not appeared for her deposition in July 2022 (Doc. 60). Additionally, the mandatory mediation session, which was required to be completed by August 5, 2022, never moved forward because of Plaintiff's lack of communication and unavailability. *Id.* Essentially, the case has stood still since early summer 2022 due to Plaintiff's lack of communication with her attorney. Defendants reiterated these communication issues and missed deadlines in their motion to dismiss for lack of prosecution, filed on August 18, 2022 (Doc. 61).

Plaintiff's attorney's motion to withdraw explains even further the amount of time and energy he has expended to get in touch with Plaintiff with no success (Doc. 62). For example, Plaintiff's counsel tried to reach Plaintiff through phone calls and letters on June 22; June 29; July 6; July 10; July 12; July 14; July 18; and July 19, 2022 to schedule Plaintiff's deposition (Doc. 62, p. 1). Plaintiff's counsel detailed that Plaintiff failed to respond to all of these communication attempts. *Id.* Plaintiff's counsel also attempted emailing Plaintiff, but she still failed to respond *Id.* at pp. 1-2. According to Plaintiff's counsel, Plaintiff has turned off her phone and has seemingly moved, but has not provided a forwarding address to Plaintiff's counsel or the Court (Doc. 62, p. 2). Under the circumstances presented here, the Court can only conclude that Plaintiff is no longer interested in pursuing this litigation. The Court is convinced that granting Plaintiff's counsel's motion and dismissing this action are appropriate.

First, Plaintiff's counsel's motion to withdraw will be granted. The grant or denial of an attorney's motion to withdraw in a civil case is a matter left to the discretion of the trial court. *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982). The

court may grant a motion to withdraw when an attorney establishes that the client consents or for a "valid and compelling reason." *Stafford v. Mesnik*, 63 F.3d 1445, 1448 (7th Cir. 1995) (*citing Woodall v. Drake Hotel, Inc.*, 913 F.2d 447, 449 (7th Cir. 1990)). The Illinois Rules of Professional Conduct give several reasons that an attorney may withdraw from representation, including the lack of adverse effects on the client or "other good cause," for example. ILL. RULES OF PROF'L CONDUCT R. 1.16 (2010); SDIL-LR 83.2(b). The Illinois Rules of Professional Conduct Rule 1.16(b)(5) allow for an attorney to withdraw representation when, "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." ILL. RULES OF PROF'L CONDUCT R. 1.16(b)(5) (2010). Plaintiff was warned that this matter would be dismissed entirely in the Court's Show Cause Order should she not respond (Doc. 63). Her attorney has attempted to remain in contact with her since July 2022. Plaintiff has failed to fulfill her obligation of staying in touch with her attorney. As such, the motion is GRANTED (Doc. 62).

Additionally, due to Plaintiff's overall lack of communication and cooperation with her attorney, Defendants' motion to dismiss for lack of prosecution (Doc. 61) will be granted and this action will be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (affirming the district court's decision to dismiss as case for failure to prosecute its case or abide by the court's orders and noting the court's inherent "authority under Federal Rule of Civil Procedure 41(b) to enter a *sua sponte* order of dismissal for lack of prosecution.").

## CONCLUSION

Plaintiff's counsel's motion to withdraw is **GRANTED** (Doc. 62). Additionally, Defendants' motion to dismiss for lack of prosecution is also **GRANTED** (Doc. 61). In light of the Court's decision to grant the motion to dismiss, the pending motion for summary judgment (Doc. 54) is rendered **MOOT**. This case is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

## NOTICE

If Plaintiff wishes to contest this Order, she has two options. She can ask the Seventh Circuit to review the order, or she can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, she must file a notice of appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, she should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply

with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, she can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, she must file a motion for leave

to appeal *in forma pauperis* ("IFP motion") along with a recent statement for her prison trust fund account, if applicable. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff is allowed to proceed IFP on appeal, she will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: November 29, 2022**

s/ Mark A. Beatty  
**MARK A. BEATTY**  
**United States Magistrate Judge**